**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**Paducah Division**

| | |
|---|---|
| Lakeisha Woods, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br><br>-v.-<br><br>Jefferson Capital Systems, LLC and John Does 1-25,<br><br><br>Defendant(s). | C.A. No:  5:20-cv-199-TBR<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Lakeisha Woods (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC against Defendant Jefferson Capital Systems, LLC (hereinafter "Defendant Jefferson"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Kentucky consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Kentucky, County of Christian, and resides at 11266 Heighter Cir, Fort Campbell, Kentucky 42223-6073.

8.      Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address at 16 McLeland Road, Saint Cloud, MN 56303 and can be served upon its registered agent, Corporation Service Company at 421 West Main Street, Frankfort, KY 40601.

9.      Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.  all individuals with addresses in the State of Kentucky;

    b.  to whom Defendant Jefferson sent a collection letter attempting to collect a consumer debt;

    c.  that failed to properly identify and name the current creditor to whom the debt was allegedly owed;

      d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

14.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e.

16.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as Plaintiff has no interests that are adverse to the absent members of the Plaintiff Class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to May 20, 2020, an obligation was allegedly incurred to Verizon Wireless.

22.     The Verizon Wireless obligation arose out of an alleged debt for medical treatment obtained and which are services used primarily for personal, family or household purposes, specifically medical services.

23.     The alleged Verizon Wireless obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Verizon Wireless is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     Verizon Wireless or a subsequent owner of the Verizon Wireless debt contracted with the Defendant to collect the alleged debt.

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – May 20, 2020 Collection Letter*

27.     On or about May 20, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Verizon Wireless. A true and correct copy of the Letter is attached hereto as Exhibit A.

28.     The top of the Letter lists:

Account Number:    xxxxxxxxxxxxxxxxxxxx;

JCS Reference Number:    xxxxxxxxxxxxxxxxxxxx

Debt Description: VERIZON WIRELESS

Amount of the Debt: $786.20

29.     The letter opens with the following statement: "Jefferson Capital understands that sometimes life gets hard, and when that happens, people have to make difficult financial choices.  If you are in a similar situation, we would like to provide you with offers that help."

30.     At no point in the letter does the Defendant state who the current creditor is.

31.     Verizon Wireless is listed as a "Debt Description" but not as the current creditor.

32.     Defendant Jefferson could be the current creditor or they may be a debt collector, collecting on behalf of the current creditor, the consumer has no way of knowing who the current creditor is from the face of the letter.

33.     It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

34.     Mere illusions are not enough, but the letter must specifically and clearly state who

the creditor is.

35.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
***et seq.***

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.     Pursuant to 15 U.S.C. §  1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.     Defendant violated § 1692e:

a.   By making a false and misleading representation in violation of §1692e(10).

40.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

<u>**DEMAND FOR TRIAL BY JURY**</u>

41.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff Lakeisha Woods, individually and on behalf of all others similarly situated, demands judgment from Defendant Jefferson as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Raphael Deutsch
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Tel:  (201) 282-6500
Fax:  (201) 282-6501
rdeutsch@steinsakslegal.com
***Pro Hac Vice admission pending***
*Attorneys For Plaintiff  Lakeishah Woods*